UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF WASHINGTON

BRADY KELLOGG
individually,

       Plaintiff,

v.

KITSAP COUNTY, a Municipal
Corporation organized under
the laws of the State of
Washington; Nurse KEVIN
DOE and JANE DOE, whose true
names are not now known,
husband and wife, and the
marital community comprised
thereof; CONMED, Inc., a
Foreign Corporation doing
business in Kitsap County,
Washington.

       Defendants.

NO.

COMPLAINT FOR NEGLIGENCE
AND FOR VIOLATION OF
PLAINTIFF'S CONSTITUTIONAL
RIGHTS UNDER 42 U.S.C. §1983

I.   JURISDICTION & VENUE

1.1   Plaintiff, BRADY KELLOGG, is, and at all relevant times was,
a resident of Kitsap County, Washington.

1.2   The defendant, KITSAP COUNTY, is a Municipal Corporation and
a political subdivision of the State of Washington, and is
located in Kitsap County, Washington.

COMPLAINT FOR NEGLIGENCE
AND FOR VIOLATION OF
CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983        - Page 1 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

1.3   The defendants, Nurse KEVIN DOE and his spouse JANE DOE, whose true names are not now known, are believed to be residents of Kitsap County Washington.

1.4   Defendant CONMED, Inc., is a Foreign Corporation registered in the State of Maryland, doing business in and with Kitsap County, Washington.

1.5   All acts and omissions alleged in this complaint occurred in Kitsap County, Washington.

1.6   An action herein is a claim brought under 42 U.S.C. §1983, and states a Federal Claim.

1.7   Federal Courts have original jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1441 and 42 U.S.C. §1983.   The court can exercise supplemental jurisdiction over other claims and other parties under 28 U.S.C. §1367(a), as the claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

1.8   Plaintiff has followed the claims notice procedures of RCW 4.96.020, and waited the required period of time before filing this action.

II.   FIRST CAUSE OF ACTION – STATE CLAIM FOR NEGLIGENCE

2.1   On June 13, 2009, Defendant KITSAP COUNTY operated a jail facility under color of law at 614 Division Street in Port Orchard, Kitsap County, Washington for housing incarcerated inmates for both pretrial and post conviction incarceration.

COMPLAINT FOR NEGLIGENCE
AND FOR VIOLATION OF
CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983          - Page 2 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

2.2 Defendant KITSAP COUNTY has a non-delegable duty to provide appropriate and necessary medical services to those incarcerated in its jail facility, to ensure the inmates' health, welfare, and safety.

2.3 Defendant KITSAP COUNTY contracted with defendant, CONMED, INC., to provide inmate healthcare services in an attempt to meet its duty, at a flat rate of compensation, regardless of medical needs of the inmate population.

2.4 Defendant CONMED, Inc., hired and supervised Defendant nurse KEVIN DOE to act on its behalf in fulfilling its contract with defendant KITSAP COUNTY.

2.5 The medical staff at the Kitsap County Jail frequently deals with persons being arrested in all states of sobriety, and on all forms of intoxicants and drugs.

2.6 The medical staff at the Kitsap County Jail has a duty to ensure that all forms of detoxification and withdrawal of its inmates is performed safely.

2.7 The medical staff at the Kitsap County Jail has an obligation to know how to address the needs of all inmates, and particularly those with special needs due to intoxication and withdrawal.

2.8 Plaintiff BRADY KELLOGG was arrested by the Kitsap County Sheriff's Office on June 13, 2009 on a misdemeanor charge and taken at 9:08 a.m. to the Kitsap County Jail for processing and to be held until he could be brought before a court.

COMPLAINT FOR NEGLIGENCE
AND FOR VIOLATION OF
CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983      - Page 3 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

2.9 Plaintiff BRADY KELLOGG had never before been incarcerated in any jail.

2.10 Plaintiff BRADY KELLOGG was then a practicing alcoholic, and was a maintenance drinker, maintaining a level of alcohol in his system for many, many years.

2.11 The night before his arrest, plaintiff BRADY KELLOGG had consumed a considerable amount of alcohol, as was his standard practice. His last consumption of alcohol was around 1:00 a.m. on June 13, 2009.

2.12 The morning of his arrest, plaintiff BRADY KELLOGG was in process of mixing a drink at the time the officer knocked on the door to speak with him about events of the prior night. As to that drink, he either just started to sip it, or was unable to consume any of it, before the officer disrupted his routine and arrested him.

2.13 The arresting officer, on completion of the booking intake forms, indicated that he was unaware "of this arrestee's consumption or use of a potentially dangerous level of alcohol or drugs."

2.14 On his initial processing, the jail booking officer made no notation of plaintiff's level of intoxication, though the booking form specifically asks that question.

2.15 During the booking process, plaintiff BRADY KELLOGG under-reported his actual alcohol usage, stating that he drank alcohol one to two times a week, and that he last drank the day before.

COMPLAINT FOR NEGLIGENCE
AND FOR VIOLATION OF
CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983        - Page 4 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

2.16 After his arrest and booking, Plaintiff BRADY KELLOGG tried to arrange to post bail, so that he could be released from the jail.  That process took a long time.

2.17 Plaintiff BRADY KELLOGG became very thirsty, and needed a lot of water.  He asked jail staff for water, and was given a glass of water.  There was a drinking fountain in the holding cell where he was housed, but it trickled water, such that plaintiff and any other prior users of the fountain would have to put lips to the fountain.  As the Kitsap County Jail is known to have active cases of Methicillin-resistant Staphylococcus Aureus (MRSA), a bacterium with antibiotic resistance, and tuberculosis, and other significant diseases, plaintiff BRADY KELLOGG felt he could not use that fountain.

2.18 Plaintiff BRADY KELLOGG asked for more water, and was told by jail staff that he could use the fountain, but they would not keep bringing him water.  The jail staff said "just deal with it," and asked why he need so much water.

2.19 During the booking fingerprinting process, plaintiff's hands were shaking and were so sweaty that the booking guard said "Oh, gross, wipe off your hands, that is disgusting."  He commented on it several times.

2.20 Alcohol withdrawal syndrome is a cluster of symptoms observed in persons who stop drinking alcohol following continuous and heavy consumption. Milder forms of the syndrome include tremulousness, seizures, and hallucinations, typically occurring within 6-48 hours after the last drink.

COMPLAINT FOR NEGLIGENCE
AND FOR VIOLATION OF
CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983        - Page 5 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

2.21 Seizures are a known and predictable occurrence during alcohol withdrawal. Any reasonable, trained jail medical professional have a duty to know these facts.

2.22 Uncontrolled alcohol withdrawal can be fatal.

2.23 Librium and Ativan are among the common and inexpensive medications known to bring relief and ameliorate the severity of alcohol withdrawal. Administration of either of these drugs, or others, would prevent or significantly reduce the risk of seizures.

2.24 There was a bell to ring for help in the cell in which plaintiff BRADY KELLOGG was being held. Plaintiff BRADY KELLOGG rang the bell and waited for a long while. Eventually, at 2:30 p.m., the medical staff, by defendant nurse KEVIN DOE, and a guard, came into the cell.

2.25 Plaintiff told the nurse KEVIN DOE that he had earlier under-reported his alcohol dependency, and that he was an extreme alcoholic, and was afraid of what might happen to him, as it had been so long since his last drink.

2.26 Defendant nurse KEVIN DOE noted that plaintiff BRADY KELLOGG was going to be bailed out by his mother and going straight to detox. Defendant nurse KEVIN DOE talked with plaintiff BRADY KELLOGG but provided no medications to help, nor instructions for the guards that plaintiff BRADY KELLOGG was to get free access to water. Nurse KEVIN DOE wrote of this contact that he "advised [inmate] of self calming measures [with] good results."

COMPLAINT FOR NEGLIGENCE
AND FOR VIOLATION OF
CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983        - Page 6 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

2.27 At 3:45 p.m., as he was standing at the booking desk, Plaintiff BRADY KELLOGG had a seizure, causing him to lose consciousness and fall to the concrete flooring, causing a pulverizing fracture of his shoulder, with severe comminuted fracturing of his humeral head, and an almost complete labral tear.

2.28 The acts and failures to act by Kitsap County's medical jail staff, including but not limited to nurse KEVIN DOE, the agents of both KITSAP COUNTY and CONMED, INC., failed to comply with the standard of care of a reasonable medical professional under the circumstances, and breached the duty owed to plaintiff BRADY KELLOGG, and was negligence, which negligence proximately caused the injuries to plaintiff BRADY KELLOGG.

2.29 Plaintiff is entitled to damages for medical and other special expenses, wage losses, and general damages proximately resulting from the negligence of the defendants, including costs of suit.

III.   SECOND CAUSE OF ACTION- VIOLATION OF PLAINTIFF'S
       CIVIL RIGHTS UNDER 42 U.S.C. §1983

3.1 Plaintiff re-alleges by this reference the facts contained in §2.1 through 2.27 of this complaint.

3.2 The failure by defendant nurse KEVIN DOE to take timely, reasonable, inexpensive and appropriate steps to ameliorate, mitigate and avoid the effects of alcohol withdrawal for a known incarcerated alcoholic, known to be in withdrawal

COMPLAINT FOR NEGLIGENCE
AND FOR VIOLATION OF
CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983        - Page 7 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

distress, constitutes deliberate indifference to his medical needs, and was a violation of the rights of the plaintiff.

3.3 The avoidance by defendant nurse KEVIN DOE of incurring medical expense by the defendants, and implementation of the practice to deny, delay and interfere with provision of medical care, and of deferring such care to other medical providers was in furtherance of the policies and customs and usage of defendant KITSAP COUNTY, or CONMED, INC., or both.

3.4 Deliberate indifference to the serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment, made applicable to the States by the Fourteenth Amendment. Plaintiff BRADY KELLOGG, as a pretrial detainee, has also been denied Due Process of Law under the Fifth Amendment in imposition of such punishment upon him. These deprivations were also in derogation and contrary to 42 U.S.C. §1983.

IV. PRAYER FOR RELIEF

For the reasons stated above, plaintiff BRADY KELLOGG prays for the following relief:

4.1 For judgment against each of the defendants, jointly and severally, for monetary special damages in an amount to be determined at trial.

4.2 For judgment against each of the defendants, jointly and severally, for general compensatory damages in an amount to be determined at trial;

COMPLAINT FOR NEGLIGENCE
AND FOR VIOLATION OF
CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983      - Page 8 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

4.3  For judgment for punitive damages against each of the defendants, jointly and severally, in an amount to be determined at trial;

4.4  For attorney fees and costs authorized by statute, including reasonable attorney's fees pursuant to 42 U.S.C. §1988;

4.5  For such other relief as the court deems just.

Dated this 13th day of August, 2012.

ANTHONY C. OTTO, WSBA 11146
Attorney for Plaintiff
P.O. Box 1368
Port Orchard, WA  98366
tony@anthonyotto.com
(360) 876-5566 - Telephone
(360) 895-8589 - Facsimile

COMPLAINT FOR NEGLIGENCE
AND FOR VIOLATION OF
CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983           - Page 9 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile